UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN MICHAEL RINDAL,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>JAY ROBERT INSLEE, et al.,<br><br>　　　　　　Defendants. | CASE NO. 2:24-cv-00890-TL<br><br>ORDER DECLINING TO VOLUNTARILY RECUSE |

This matter comes before the Court on Plaintiff Steven Michael Rindal's Motion for Recusal.[1] Dkt. No. 33. Having reviewed the motion and relevant record, the Court DENIES the motion.

I.     BRIEF BACKGROUND

This case arises from Plaintiff's allegations that the State of Washington violated his constitutional rights and committed various torts against him when, during the COVID-19 pandemic, it revoked his license to practice chiropractic medicine. *See* Dkt. No. 18 at 2–6.

---

[1] Plaintiff has captioned Docket Number 33 as an "Affidavit of Prejudice." Having reviewed its contents, however, the Court construes the filing as a Motion for Recusal.

Plaintiff is proceeding *pro se*. The Defendants in this case comprise seven state officers, including Governor Jay Inslee and Attorney General Robert Ferguson, as well as the Washington Chiropractic Quality Assurance Commission, the state agency that regulates the practice of chiropractic medicine.

## II.   LEGAL STANDARD

"[Judges] are as bound to recuse [them]selves when the law and facts require as [they] are to hear cases when there is no reasonable factual basis for recusal." *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (internal citations omitted). A judge must voluntarily recuse herself if, *inter alia*, her "impartiality might reasonably be questioned," or she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). But "[a]bsent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned. Conclusory statements are of no effect. Nor are . . . unsupported beliefs and assumptions." *Maier v. Orr*, 758 F.2d 1578, 1583 (9th Cir. 1985).

Once a party has made a timely and sufficient showing that a district court judge has a bias or prejudice "against [them] or in favor of any adverse party," the case must be reassigned. 28 U.S.C. § 144. In close cases, the balance tips in favor of recusal. *Holland*, 519 F.3d at 912 (internal citation omitted). Under this Court's Local Civil Rules, if a judge challenged under 28 U.S.C. § 144 or 28 U.S.C. § 455 declines to voluntarily recuse herself from a case, "she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." LCR 3(f).

## III.   DISCUSSION

Plaintiff brings the instant motion based on his "belie[f]" that the undersigned judge "has a personal bias or prejudice against me or in favor of an adverse party [because]":

> a. Robert Ferguson, the purported Attorney General of Washington State, has appeared and prosecuted cases in the Washington Federal District Courts, including before [the undersigned judge], despite his disqualification from office due to a conviction for malfeasance. b. Ferguson's appearances have potentially caused fraud upon the court . . . . [and] c. All judges in the Washington courts, including [the undersigned judge] may be conflicted due to their prior interactions with Ferguson in his improperly held capacity as Attorney General.

Dkt. No. 33 ¶ 3. Plaintiff asserts further that "[t]he unlawful appearance of FERGUSON in this court since 2021 create [*sic*] an appearance of impropriety that would cause a reasonable person to question [the undersigned judge's] impartiality in this matter." *Id.* ¶ 11.

Here, Plaintiff has not provided any evidence to substantiate his assertion that Mr. Ferguson holds his office illegitimately. Plaintiff's grounds for recusal are generally unsupported beliefs and assumptions. For example, Plaintiff's allegation that Mr. Ferguson "ha[s] potentially caused fraud upon the court" is both conditional and conclusory,[2] as is his assumption that "[a]ll judges in the Washington courts, including [the undersigned], may be conflicted due to their prior interactions with Ferguson." *Id.* ¶ 3. Further, the overwhelming majority of Plaintiff's motion comprises recitations and reiterations of federal rules (along with a number of inapplicable state rules) pertaining to judicial impartiality and conduct. *See, e.g., id.* ¶¶ 4–10, 12–16. "Plaintiff's recitation of the Judicial Code of Conduct and allegations about professional relationships creating bias in this case are insufficient to support a motion for recusal." *Farson v. United States*, No. C23-1615, 2024 WL 2801912, at *3 (W.D. Wash. May 31, 2024) (citing *Maier*, 758 F.2d at 1583).

---

[2] Plaintiff asserts that the fraud he alleges was detailed in a "Writ of Quo Warranto filed on October 11, 2024." Dkt. No. 33 ¶ 3. However, the writ was not filed in the instant case, nor was it attached as an exhibit to Plaintiff's pleading. This docket does not contain any entries dated October 11, 2024.

ORDER DECLINING TO VOLUNTARILY RECUSE - 3

Finally, even if Mr. Ferguson *were* seated in Olympia as a mere pretender,[3] Plaintiff does not demonstrate how that would translate to the undersigned judge's "personal bias or prejudice either against [Plaintiff] or in favor of an adverse party." Dkt. No. 33 ¶ 3. Rather, Plaintiff simply repeats his unsubstantiated presumption that it might create an appearance of impartiality or impropriety. *See id.* ¶¶ 4, 7, 10–17. This is insufficient grounds for recusal. *Maier*, 758 F.2d at 1583.

"A judge has a strong a duty to sit when there is no legitimate reason to recuse as [s]he does to recuse when the law and facts require." *Clemens v. U.S. Dist. Ct. for the Cent. Dist. Of Cal.*, 428 F.3d 1175, 1179 (9th Cir. 2005) (internal citation and quotation marks omitted). Accordingly, Plaintiff's motion is DENIED.

### IV.    CONCLUSION

For the reasons stated above, the Court DENIES the Motion for Recusal (Dkt. No. 33). The Court further DIRECTS the Clerk to refer the recusal motion to Chief Judge David G. Estudillo for further review, as required under the Local Civil Rules.

Dated this 1st day of November 2024.

Tana Lin
United States District Judge

---

[3] The Court expresses no opinion on Mr. Ferguson's legitimacy or illegitimacy as Attorney General.