UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN MICHAEL RINDAL,<br><br>        Plaintiff,<br>    v.<br><br>JAY ROBERT INSLEE et al.,<br><br>        Defendants. | CASE NO. 2:24-cv-00890-TL<br><br>ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 33) |

This matter comes before the Court on Judge Lin's denial (Dkt. No. 37) of Plaintiff's motion for recusal. (Dkt. No. 33.) Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themselves from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Lin's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).  Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Plaintiff questions Judge Lin's impartiality and argues she should recuse herself from this case because:

> a. Robert Ferguson, the purported Attorney General of Washington State, has appeared and prosecuted cases in the Washington Federal District Courts, including before Judge Lin, despite his disqualification from office due to a conviction for malfeasance. b. Ferguson's appearances have potentially caused fraud upon the court . . . . [and] c. All judges in the Washington courts, including Judge Lin may be conflicted due to their prior interactions with Ferguson in his improperly held capacity as Attorney General.

(Dkt. No. 33 at 2.)  Plaintiff contends "[t]he unlawful appearance of FERGUSON in this court since 2021 create [sic] an appearance of impropriety that would cause a reasonable person to question Judge Lin's impartiality in this matter." (*Id.* at 3.)  Plaintiff presents no evidence of the malfeasance related conviction described in his motion[1], nor does he explain how Attorney

---

[1] The "conviction" to which Plaintiff refers appears to be an order of the Thurston County Superior Court granting summary judgment in favor of Petitioners in a civil case in which Attorney General Ferguson was one of several Respondents.  (Dkt. No. 30-1.)

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 33) - 2

General Ferguson's supposed disqualification from office for this offense would impact Judge Lin's impartiality.

Accordingly, the Court AFFIRMS Judge Lin's denial (Dkt. No. 37) of Plaintiff's motion for recusal.  (Dkt. No. 33.)

Dated this 5th day of November, 2024.

David G. Estudillo
United States District Judge

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 33) - 3