1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11
12
13
14
15

STEVEN MICHAEL RINDAL,

Plaintiff,

v.

JAY ROBERT INSLEE, et al.,

Defendants.

CASE NO. 2:24-cv-00890-TL

ORDER ON MOTION FOR CHANGE
OF VENUE

16  This matter is before the Court on Plaintiff's Motion for Change of Venue. Dkt. No. 32

17 ("Demand for Change of Venue"). Pursuant to 28 U.S.C. § 1404(a), Plaintiff seeks to have this

18 case transferred to the United States District Court for the District of Columbia. *Id.* at 2. Having

19 reviewed the Plaintiff's motion, Defendants' Response (Dkt. No. 36), and the relevant record, the

20 Court DENIES the Motion.

I.    BACKGROUND

22  This case arises from Plaintiff Steven Michael Rindal's allegations that the State of

23 Washington violated his federal constitutional rights; committed against him the torts of tortious

24 interference, defamation, and invasion of privacy; and violated Washington's Administrative

1   Procedure Act, RCW 34.05, when it revoked his license to practice chiropractic medicine during

2   the COVID-19 pandemic. *See* Dkt. No. 18 at 2–6. On October 16, 2024, Plaintiff filed the instant

3   motion, asserting that the "unique circumstances of this case and the potential conflicts of

4   interest within the 9th Circuit" require that the Court transfer this case to the U.S. District Court

5   for the District of Columbia. Dkt. No. 32 at 2.

6                                      **II.    LEGAL STANDARD**

7           "For the convenience of parties and witnesses, in the interest of justice, a district court

8   may transfer any civil action to any other district or division where it might have been brought or

9   to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). As

10  evidenced by their Response to Plaintiff's Motion, Defendants do not consent to such a transfer.

11  *See generally* Dkt. No. 36. Therefore, transfer is only appropriate to a district where this case

12  might have been brought, and not to "any other district or division." *See* 28 U.S.C. § 1404(a).

13          The movant must show that the transferee district or division is one in which the suit

14  could have been brought in the first instance—*i.e.*, that venue is proper in the transferee district.

15  *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). Venue is

16  proper in:

17                      (1) a judicial district in which any defendant resides, if all
                        defendants are residents of the State in which the district is located;
18                      (2) a judicial district in which a substantial part of the events or
                        omissions giving rise to the claim occurred, or a substantial part of
19                      property that is the subject of the action is situated; or (3) if there is
                        no district in which an action may otherwise be brought as
20                      provided in this section, any judicial district in which any
                        defendant is subject to the court's personal jurisdiction with respect
21                      to such action.

22  28 U.S.C. § 1391(b).

23

24

1

### III.    DISCUSSION

2    The Court must determine whether the District of Columbia is a proper venue for this

3    case. Because Plaintiff is the movant, it is Plaintiff's burden to demonstrate as much. *See Savage*,

4    611 F.2d at 279. Upon application of 28 U.S.C. § 1391(b), it is clear that Plaintiff has not met his

5    burden.

6    As an initial matter, the Court notes that, in his Second Amended Complaint, Plaintiff

7    pleaded that, "Venue is proper in [the Western District of Washington] pursuant to 28 U.S.C.

8    § 1391(b) because all Defendants are residents of the State of Washington and a substantial part

9    of the events or omissions giving rise to the claim occurred in this district." Dkt. No. 18 ¶ 20. As

10   to whether the District of Columbia is *also* a proper venue, § 1391(b)(1) does not apply, because

11   Plaintiff has not shown that any party to this case is a resident of the District of Columbia.

12   Likewise, § 1391(b)(2) does not apply, because Plaintiff's Second Amended Complaint indicates

13   that the proceedings surrounding the suspension of his chiropractic license took place in the State

14   of Washington, and Plaintiff's Motion does not suggest that anything relevant to his causes of

15   action took place in the District of Columbia. *See generally* Dkt. Nos. 18, 32. Third, § 1391(b)(3)

16   only applies where venue cannot be brought pursuant to § 1391(b)(1) or (2). As discussed—and

17   as Plaintiff asserted in his Second Amended Complaint—this is plainly not the case here.

18   Moreover, even if venue could not be established under § 1391(b)(1) or (2), Plaintiff has

19   not demonstrated that "any defendant is subject to the [District Court for the District of

20   Columbia's] personal jurisdiction with respect to" the instant case. *See* 28 U.S.C. § 1391(b)(3).

21   As to general personal jurisdiction, it exists "where a defendant has continuous and systematic

22   contacts with the forum state such that the defendant is essentially at home in the forum." *Miley*

23   *v. Hard Rock Hotel & Casino Punta Cana*, 537 F. Supp. 3d 1, 6 (D.D.C. 2021) (quoting

24   *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation

marks omitted). None of the Defendants in the instant case is "essentially at home" in the District of Columbia. As to specific personal jurisdiction, the court may exercise it over a nonresident defendant where there is an "affiliation between the forum and the underlying controversy." *Livnat v. Palestinian Auth.*, 851 F.3d 45, 56 (D.C. Cir. 2017). Here, no such affiliation exists: The state government has conducted its business from Olympia, Washington, and its agencies and officers have exclusively directed their inquiries and correspondence regarding the subject matter of the instant complaint toward Plaintiff and his business in Washington. *See, e.g.*, Dkt. No. 18 at 10, 67–111. In short, Plaintiff has not alleged any plausible connection between any Defendant and the District of Columbia.

Therefore, because the instant complaint could not have been brought in the District of Columbia, the Court finds it inappropriate to transfer the case there now. Accordingly, the Court DENIES Plaintiff's Motion for Change of Venue (Dkt. No. 32).

### IV.    CONCLUSION

Accordingly, the Court orders as follows:

Plaintiff's Motion for Change of Venue (Dkt. No. 32) is DENIED.

Dated this 25th day of November 2024.

Tana Lin
United States District Judge