UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN MICHAEL RINDAL,<br><br>    Plaintiff,<br> v.<br><br>JAY ROBERT INSLEE, et al.,<br><br>    Defendant(s). | CASE NO. 2:24-cv-00890-TL<br><br>ORDER ON MOTION TO STAY |

This matter is before the Court on Plaintiff's Motion to Stay. Dkt. No. 31 ("Demand for Stay of Proceedings"). Plaintiff seeks to press pause on this case, arguing that "the harm from proceeding with potentially void or tainted proceedings outweighs [the harm from] any delay." *Id.* at 5. Having reviewed the Plaintiff's Motion, Defendants' Response (Dkt. No. 34), Plaintiff's Reply (Dkt. No. 40), and the relevant record, the Court DENIES the Motion.

### I. BACKGROUND

This case arises from Plaintiff Steven Michael Rindal's allegations that the State of Washington violated his federal constitutional rights; committed against him the torts of tortious interference, defamation, and invasion of privacy; and violated Washington's Administrative

ORDER ON MOTION TO STAY - 1

Procedure Act, RCW 34.05, when it revoked his license to practice chiropractic medicine during the COVID-19 pandemic. *See* Dkt. No. 18 at 2–6. On October 16, 2024, Plaintiff filed the instant motion, asserting that "[t]his case involves significant questions regarding the authority of key government officials . . . [that] fundamentally affect the integrity of these proceedings and necessitate a stay until they can be properly resolved." Dkt. No. 31 at 2. On December 3, 2024, the Court dismissed Plaintiff's claims, yet afforded Plaintiff the opportunity to file an amended complaint. *See* Dkt. No. 45 at 18–19.

## II.   LEGAL STANDARD

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). This includes "discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). When a stay is proposed the court must weigh the competing interests impacted, including "the possible damage which may result from the granting of a stay, the hardship of equity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

## III.   DISCUSSION

**A.   Plaintiff's Reply Brief**

As a preliminary matter, the Court notes several deficiencies in Plaintiff's Reply Brief (Dkt. No. 40). First, Plaintiff's Reply is untimely. *See* LCR 7(d)(3) ("Any reply papers shall be filed and received by the opposing party no later than 21 days after the filing date of the motion."). Second, Plaintiff appears to have ignored Local Civil Rule 7(f)(6), which requires

that, "[w]hen word limits apply"—as they do here, *see* LCR 7(e)(4)—"the signature block shall include the certification of the signer as to the number of words, substantially as follows: 'I certify that this memorandum contains ___ words, in compliance with the Local Civil Rules.'" Plaintiff is again reminded that he is required to abide by the Federal Rules of Civil Procedure, this District's Local Civil Rules, and this Court's Standing Order for Civil Cases. *See* Dkt. No. 45 at 2–3.

Third, Plaintiff's Reply consists mostly of an outline of Plaintiff's arguments, not the actual arguments. *See generally* Dkt. No. 40. The Court finds this abbreviated style of briefing unpersuasive. Moreover, to the extent that the Reply does provide argumentation expressed in prose, it is in support of an argument raised for the first time in the Reply Brief—namely, Defendants' counsel's "lack of authority to appear." *Id.* at 2. "The district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). The Court will thus disregard Plaintiff's assertions regarding Assistant Attorney General Pierce's unfitness to appear in this matter.

**B.     No Basis to Stay**

"The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). Here, Plaintiff does not establish the need for a stay.

Plaintiff's Motion revolves entirely around his belief that Washington state Attorney General Robert Ferguson, a defendant in this case, holds his position illegitimately. *See* Dkt. No. 31 at 2. Plaintiff asserts that "Robert Watson Ferguson, purportedly acting as Attorney General of Washington State, was convicted of malfeasance in office on September 21, 2021, in Thurston County Superior Court." *Id.* at 2. As explained by the Court in its Order granting Defendants' Motion to Dismiss, this premise is "wholly without merit." Dkt. No. 45 at 6. As the remainder of

Plaintiff's Motion is predicated upon Defendant Ferguson's performance of duties while "potentially disqualified from office" or "unauthorized to do so," the Court's rejection of Plaintiff's position—which it need not re-explain here—renders hollow the entirety of Plaintiff's basis for demanding a stay. *See* Dkt. No. 31 at 3–4.

In sum, Plaintiff's argument that Defendant Ferguson's "conviction" raises "fundamental questions of authority and legality" is unsupported by law or fact and does not weigh in favor of a stay. *See* Dkt. No. 31 at 4. Absent any reasonable basis to issue a stay, and finding it most efficient and expedient to proceed in this case without delay, the Court DENIES Plaintiff's Motion.

## IV.    CONCLUSION

Accordingly, Plaintiff's Motion to Stay (Dkt. No. 31) is DENIED.

Dated this 4th day of December 2024.

Tana Lin
United States District Judge