UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN MICHAEL RINDAL,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>JAY ROBERT INSLEE, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:24-cv-00890-TL<br><br>ORDER ON MOTIONS REGARDING WRIT OF QUO WARRANTO |

　　　　This matter comes before the Court on Plaintiff's four motions seeking the Court's issuance of a writ of quo warranto: Plaintiff's Motion for Writ of Quo Warranto (Dkt. No. 42); Motion for Leave to File Quo Warranto Action (Dkt. No. 47); Motion for Writ of Quo Warranto (Dkt. No. 48); and Motion for Ruling on Writ of Quo Warranto (Dkt. No. 52). Having reviewed the motions, Defendants' responses, the relevant record, and the governing law, the Court DENIES the motions.

## I. BACKGROUND

This case arises from Plaintiff Steven Michael Rindal's ongoing challenges to the State of Washington's revocation of his license to practice chiropractic medicine during the COVID-19 pandemic. *See* Dkt. Nos. 1, 14, 18. As the Court has detailed the factual background of this case in prior orders, it will not duplicate those efforts here. *See, e.g.*, Dkt. No. 45 at 3–4. But in short, Plaintiff alleges that various executive officers of the state, including the governor, attorney general, secretary of health, and four health law judges, as well as the state agency charged with regulating chiropractic medicine, violated his federal constitutional rights and committed various state-law torts against him during the administrative revocation of his professional license. *See id.*

Due to the Court's granting of Defendants' Motion to Dismiss on December 3, 2024, there are presently no pending claims against Defendants. *See generally* Dkt. No. 45. On December 9, 2024, however, Plaintiff filed a "Notice of Intent to File Third Amended Complaint," in which he asserted that he would file an amended complaint on or before January 3, 2025. Dkt. No. 53 at 2.

As to the instant motions, Plaintiff has filed multiple motions on this subject matter. On November 22, 2024, Plaintiff filed a "Writ of Quo Warranto, challenging authority of Assistant Attorney General Suzanne K. Pierce in her purported capacity as Assistant Attorney General of Washington State in this case." Dkt. No. 42 at 1. Plaintiff alleged that AAG Pierce, who is serving as Defendants' counsel in this case, "is not lawfully qualified to perform official acts as a public official in this court and as a result has no authority, has entered false records into this case, and is violating the due process rights of the Plaintiff in this case." *Id.* at 2. Next, Plaintiff on December 2, 2024, filed a "Motion for Leave to File Quo Warranto Action" that sought the Court's *ex post* permission to file the motion he had already submitted for the Court's

consideration ten days prior. Dkt. No. 47. That same day, Plaintiff filed another "Writ of Quo Warranto" (Dkt. No. 48) that is, for all practical purposes, a duplicate of his November 22 motion. *Compare* Dkt. No. 48, *with* Dkt. No. 42. Finally, one week later, on December 9, 2024, Plaintiff filed a "Motion for Ruling on Writ of Quo Warranto," asserting that his prior motion(s) "require[d] prompt resolution as Ms. Pierce continues to file documents and take actions in this case that may be void if she lacks proper authority." Dkt. No. 52 at 2. For their part, Defendants filed oppositions to all four of Plaintiff's motions. Dkt. Nos. 51, 55, 56, 57.

## II.   PRELIMINARY NOTE

The Court finds it necessary to address the wasteful nature of Plaintiff's motion practice on this issue. As described above, before the Court are four pending motions, all of which pertain to the reasonably narrow issue of Plaintiff's seeking a writ of quo warranto from this Court. After Plaintiff filed his first motion on November 22, 2024 (Dkt. No. 42), Plaintiff subsequently submitted three more superfluous filings. The first of these was moot, as it sought the Court's permission to do what he had already done. *See* Dkt. No. 47. The second was duplicative, as it was essentially a carbon copy of the original motion. *See* Dkt. No. 48. And the third was premature, as it demanded that the Court rule on motions whose noting dates had not yet arrived. *See* Dkt. No. 52. Four overlapping motions on one discrete issue is neither efficient nor necessary; the second, third, and fourth do not hasten or illuminate the Court's deliberation over the first. "Filing duplicative . . . or serial motions interferes with the Court's ability to efficiently manage its heavy caseload and creates unnecessary delay in the resolution of cases." *Warfield v. Cal. Highway Patrol Golden Gate Div.*, No. C24-2886, 2024 WL 4931960, at *4 (E.D. Cal. Dec. 2, 2024). Plaintiff is cautioned that, moving forward, future repetitious filings may be found frivolous and sanctions may be imposed. *See Smith v. Walker*, No. C18-5211, 2018 WL

2451306, at *2 (W.D. Wash. Apr. 17, 2018) (admonishing plaintiff that the court may consider further "overlapping" or "repetitious" pleadings to be frivolous).

### III. DISCUSSION

"Quo warranto is an ancient writ used by the King of England to determine if an individual's claim to an office or franchise is well-founded." *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1131 n.5 (9th Cir. 1994). There are two species of a quo warranto action: federal and state. *See Allah v. Eadie*, No. C07-813, 2008 WL 895981, at *1–2 (W.D. Wash. Mar. 28, 2008). As to federal quo warranto actions, "[u]nder federal case law, it appears that a quo warranto proceeding can be brought only by the United States, and not by private individuals." *Allah v. Linde*, No. C07-827, 2008 WL 1699441, at *1 (W.D. Wash. Apr. 10, 2008) (citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933)); *see also Crook v. San Bernardino Cnty. Sheriffs Dep't*, No. C22-10, 2023 WL 4681627, at *1 (C.D. Cal. June 15, 2023) ("Quo warranto is a right of action inherently in the government. A private party does not have standing to bring such a proceeding." (internal quotation marks and citations omitted)); *Bhambra v. Cnty. of Nev.*, No. C09-3124, 2010 WL 3258836, at *3 (E.D. Cal. Aug. 16, 2010) (dismissing application for writ of quo warranto based on private-citizen plaintiff's lack of standing).

As to state-law quo warranto actions in Washington, a petition for quo warranto "may be filed against any person . . . [w]hen any person shall usurp, intrude upon, or unlawfully hold or exercise any public office . . . within the state." RCW 7.56.010(1). But the statute limits authority to bring the action to "the prosecuting attorney in the superior court of the proper county," or "any other person on his own relation, *whenever he claims an interest in the office*." RCW 7.56.020 (emphasis added). For a private-individual plaintiff to show that they have "an interest in the office," they must "plead and prove title thereto in [them]self." *State ex rel. Quick-Ruben v. Verharen*, 136 Wn.2d 888, 896, 969 P.2d 64 (1998) (quoting *State ex rel. Dore v. Superior Ct.*

*for King Cnty.*, 167 Wash. 655, 658, 9 P.2d 1087 (1932)) (internal quotation marks omitted). "A mere citizen, a voter or a taxpayer has no right to maintain such an action. It must be brought under the statute officially by the prosecuting attorney, or it must be brought be a person who claims an interest in the office." *Id.* at 897.

Here, Plaintiff, a private citizen, does not have standing to bring a federal quo warranto action. *See Crook*, 2023 WL 4681627, at *1. As to his eligibility to bring state-law quo warranto action, Plaintiff asserts only that he has "Standing as a Washington State resident . . . as a citizen pursuant to Common Law Principles and in accordance with Washington State Court Rule CrRLJ 2.1(c)." Dkt. No. 48 at 3. The Court disagrees. Plaintiff is not a prosecuting attorney in Washington state, and he has not asserted that he has a legitimate claim to AAG Pierce's office. *See generally* Dkt. Nos. 42, 47, 48, 52. Therefore, he cannot challenge AAG Pierce's authority via a quo warranto action. *See Verharen*, 136 Wn.2d at 896. Further, Plaintiff's invocation of Criminal Rule for Courts of Limited Jurisdiction 2.1(c) is unavailing, as that rule applies only to "courts of limited jurisdiction in the State of Washington in all criminal proceedings." Wash. CrRLJ 1.1. This Court is not a Washington state court, and *Rindal v. Inslee*, No. C24-890, is not a criminal proceeding.

Therefore, because Plaintiff lacks standing to bring either a federal or state quo warranto action, the Court DENIES Plaintiff's motions for a writ of quo warranto. The Court DENIES AS MOOT Plaintiff's motion for leave to file a writ of quo warranto and motion for ruling on his motion(s) for a writ of quo warranto.

## IV.   CONCLUSION

Accordingly, the Court ORDERS:

  (1) Plaintiff's Motions for Writ of Quo Warranto (Dkt. Nos. 42, 48) are DENIED.

(2)  Plaintiff's Motion for Leave to File Quo Warranto Action (Dkt. No. 47) and Motion for Ruling on Writ of Quo Warranto (Dkt. No. 52) are DENIED AS MOOT.

Dated this 23rd day of December 2024.

Tana Lin
United States District Judge