1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

STEVEN MICHAEL RINDAL,

Plaintiff,

v.

ROBERT WATSON FERGUSON, et al.,

Defendants.

CASE NO. 2:24-cv-00890-TL

ORDER ON MOTION TO DISMISS

16

17

18

19

20

21

22

23

24

   This is a civil rights action for declaratory and injunctive relief based on the State of
Washington's administrative suspension of Plaintiff's license to practice chiropractic medicine.
This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended
Complaint (Dkt. No. 59).[1] Dkt. No. 60. Having reviewed Defendants' reply (Dkt. No. 63) and
the relevant record, the Court GRANTS the motion.

---

[1] Plaintiff's "Amended Complaint" is actually his *third* amended complaint. *See* Dkt. Nos. 1 (complaint), 14
(amended complaint), 18 (second amended complaint), 59 (third amended complaint).

ORDER ON MOTION TO DISMISS - 1

I.    BACKGROUND

The following facts are recited as alleged in Plaintiff's Third Amended Complaint ("TAC"), in the light most favorable to Plaintiff. *See* Dkt. No. 59 (TAC).

A.    The Parties

1.    Plaintiff

Plaintiff is Steven Michael Rindal, a resident of Mount Vernon, Washington. Dkt. No. 59 ¶ 6. Between 1972 and 2021, Plaintiff maintained a license to practice chiropractic medicine in Washington. *Id.* In October 2021, during the COVID-19 pandemic, the State suspended Plaintiff's professional license. *Id.*

2.    Defendants

There are three Defendants in this action: Robert Ferguson, in his official capacity as (former) attorney general of Washington; Umair Shah, in his official capacity as (former) Secretary of the Washington State Department of Health; and the Washington Chiropractic Quality Assurance Commission ("CQAC" or "Commission"). *Id.* ¶¶ 7–9. Defendant CQAC is the administrative body charged with regulating the practice of chiropractic medicine in Washington. *See* RCW 18.25.

B.    Factual Background

This case arises out of alleged constitutional violations associated with the State's suspension of Plaintiff's license to practice chiropractic medicine. *See* Dkt. No. 59 at 3 ("Executive Summary"). Plaintiff alleges that, during the COVID-19 pandemic, his license was "improperly suspend[ed] without due process of law." *Id.* ¶ 1. Plaintiff asserts that his license was suspended after he "exercised his First Amendment rights regarding mask policies during the COVID-19 pandemic," and that Defendants executed the suspension without "provid[ing] him with legally required notice and opportunity to be heard." *Id.*

1    In July 2020, the State Department of Health "issued a statewide mask mandate." *Id.*

2    ¶ 12. Rather than abide by the mandate, Plaintiff instead "adopted a policy offering alternative

3    options for patients who requested mask use." *Id.* On October 16, 2020, someone complained to

4    CQAC about Plaintiff's "alternative" policy. *Id.* ¶ 13. The Commission duly investigated the

5    complaint and initiated an administrative disciplinary action against Plaintiff. *Id.* ¶¶ 14–15. On

6    October 27, 2021, Defendant CQAC suspended Plaintiff's license. *Id.* ¶ 16.

7    **C.     Procedural Background**

8    On June 21, 2024, Plaintiff filed a civil action against Defendants Ferguson and Shah, as

9    well as against then-Governor Jay Inslee and Thomas F. Graham, a Washington assistant

10    attorney general. Dkt. No. 1. On September 11, 2024, Plaintiff filed an Amended Complaint

11    (Dkt. No. 14), then a Second Amended Complaint ("SAC") one day later (Dkt. No. 18). The

12    SAC again named Ferguson, Shah, Inslee, and Graham as defendants and added four more:

13    Washington State Health Law Judges Roman S. Dixon, John F. Kuntz, and Matthew F.

14    Wareham; and CQAC. Dkt. No. 18 ¶¶ 28–32. On October 8, 2024, those defendants filed a

15    motion to dismiss the SAC. Dkt. No. 28. During the pendency of the defendants' motion,

16    Plaintiff filed numerous miscellaneous motions: a motion to stay (Dkt. No. 31); a motion for

17    change of venue (Dkt. No. 32); a motion for the recusal of the undersigned judge (Dkt. No. 33);

18    two motions for writ of quo warranto (Dkt. Nos. 42, 48); a motion for leave to file a motion for

19    writ of quo warranto (Dkt. No. 47); and a motion for ruling on writ of quo warranto (Dkt.

20    No. 52). The Court denied all of these. *See* Dkt. Nos. 37, 38, 44, 50, 58. On December 3, 2024,

21    the Court granted the defendants' motion to dismiss. Dkt. No. 45. The Court dismissed all claims

22    against all defendants but gave Plaintiff leave to file a TAC. *Id.* at 19.

23    On December 30, 2024, Plaintiff filed his TAC, now the operative complaint in this case.

24    Dkt. No. 59. On January 14, 2025, Defendants—*i.e.*, Ferguson, Shah, and CQAC—filed the

1 | instant motion to dismiss. Dkt. No. 60. Plaintiff did not respond, and Defendants submitted a

2 | reply brief on February 11, 2025. Dkt. No. 63.

## II.    LEGAL STANDARD

4 | A defendant may seek dismissal when a plaintiff fails to state a claim upon which relief

5 | can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion to dismiss, the

6 | Court takes all well-pleaded factual allegations as true and considers whether the complaint

7 | "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

8 | (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "[t]hreadbare

9 | recitals of the elements of a cause of action, supported by mere conclusory statements," are

10 | insufficient, a claim has "facial plausibility" when the party seeking relief "pleads factual content

11 | that allows the court to draw the reasonable inference that the defendant is liable for the

12 | misconduct alleged." *Iqbal*, 556 U.S. at 672. "When reviewing a dismissal pursuant

13 | to Rule 12(b)(6), 'we accept as true all facts alleged in the complaint and construe them in the

14 | light most favorable to plaintiff[ ], the non-moving party.'" *DaVinci Aircraft, Inc. v. United*

15 | *States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (alteration in original) (quoting *Snyder & Assocs.*

16 | *Acquisitions LLC v. United States*, 859 F.3d 1152, 1156–57 (9th Cir. 2017)).

## III.    DISCUSSION

18 | "[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same

19 | procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir.

20 | 2022). "This entails strict compliance with applicable law, including but not limited to the

21 | Federal Rules of Civil Procedure and Local Civil Rules." *Jackson v. Kroger Co.*, No. C24-2128,

22 | 2025 WL 346640, at *3 (W.D. Wash. Jan. 30, 2025).

23 | As a preliminary matter, the Court notes that Plaintiff did not respond to Defendants'

24 | Motion to Dismiss. Under this District's Local Civil Rules, "Except for motions for summary

1    judgment, if a party fails to file papers in opposition to a motion, such failure may be considered

2    by the court as an admission that the motion has merit." LCR 7(b)(2). The Court is thus well

3    within its discretion to grant Defendants' motion based on Plaintiff's nonresponse. Even so,

4    given the public policy favoring disposition of cases on their merits and Plaintiff's hitherto

5    vigorous prosecution of his case, "analysis of the merits" of Defendants' motion "is warranted

6    and preferred." *Main v. Nw. Tr. Servs. Inc.*, No. C14-353, 2014 WL 1923896, at *2 (W.D. Wash.

7    May 13, 2014) (citing *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)).

8         Plaintiff is advised, however, that failure to respond to a motion to dismiss can be, in and

9    of itself, sufficient basis for granting the motion and dismissing the case. *See, e.g.*, *Coleman v.*

10   *Brand*, No. C23-6135, 2024 WL 3326369, at *1 (W.D. Wash. July 8, 2024); *Fields v. Pierce*

11   *County*, No. C22-5527, 2023 WL 4551341, at *1–2 (W.D. Wash. June 30, 2023), *report and*

12   *recommendation adopted*, 2023 WL 4546331 (July 14, 2023). In the future, Plaintiff's failure to

13   respond to a motion to dismiss may be summarily construed as a concession and result in the

14   dismissal of his case.

15   **A.      Materials Outside the Pleadings**

16        Defendants request that the Court take judicial notice of the "factual circumstances of

17   certain documents." Dkt. No. 60 at 6. Generally speaking, there are three sets of documents at

18   issue. *Id.* The first set comprises documents associated with Defendant CQAC's administrative

19   disciplinary actions against Plaintiff, including the Commission's Findings of Fact, Conclusions

20   of Law, and Final Order of Default in Case No. M2021-38 (Dkt. No. 61-4) and the

21   Commission's Statement of Charges and Notice of Default in Case No. M2022-1016 (Dkt.

22   Nos. 61-5, 61-6). The second set of documents comprises state executive documents associated

23   with the COVID-19 pandemic, including Governor Inslee's February 29, 2020, Proclamation of

24   a State of Emergency (Dkt. No. 61-1); Governor Inslee's May 18, 2020, Proclamation

1    Continuing the State of Emergency (Dkt. No. 61-2); and Defendant Shah's February 18, 2022,

2    Order regarding face coverings (Dkt. No. 61-3). The third set of documents comprises

3    documents that Defendants identify as "Documents from Plaintiff's Exhibit Index from Initial

4    Complaint filed September 9, 2024." Dkt. No. 60 at 7. As previously noted, Plaintiff did not file

5    a response to Defendants' motion. Therefore, it appears that Plaintiff does not oppose

6    Defendants' request.

7         "On a motion to dismiss, [a court] may consider materials incorporated into the complaint

8    or matters of public record." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

9    The Ninth Circuit has "extended the doctrine of incorporation by reference to consider

10   documents in situations where the complaint necessarily relies upon a document or the contents

11   of the document are alleged in a complaint, the document's authenticity is not in question and

12   there are no disputed issues as to the document's relevance." *Id.*

13        Here, as Plaintiff's complaint is predicated upon the alleged unlawfulness of Defendant

14   CQAC's administrative proceedings against him, the Court finds that the TAC "necessarily relies

15   upon" the documents associated with the Commission's administrative action. The authenticity

16   of the documents is not in question, and they are clearly relevant to the matter at hand. Therefore,

17   the Court takes judicial notice of the CQAC records. *See King v. Cal. Dep't of Water Res.*, 561 F.

18   Supp. 3d 906, 909–10 (E.D. Cal. 2021) (taking judicial notice of "decisional documents from

19   plaintiff's state administrative proceeding"). But "only the existence of the documents

20   themselves including the findings therein are judicially noticeable, and not the contents of the

21   documents for the truth of the matters asserted." *Cal. Sportfishing Prot. All. v. Shiloh Grp., LLC*,

22   268 F. Supp. 3d 1029, 1038 (N.D. Cal. 2017).

23        As to the documents related to the State's mask mandate, for the purpose of deciding the

24   instant motion, the Court finds it unnecessary to consider or take judicial notice of the

1    documents. Plaintiff's allegations revolve around the process by which his professional license

2    was suspended, not the substantive violation(s) that resulted in his discipline. It is sufficient for

3    the Court to recognize that the Defendant Commission investigated and disciplined Plaintiff for a

4    violation. The nature of that violation is immaterial when evaluating the sufficiency of the TAC.

5    Although Plaintiff alleges that Defendants' disciplinary action against him violated his First

6    Amendment rights, Plaintiff does not plead sufficient facts to support such an allegation. *See*

7    *infra* Section III.B.2. As pleaded, the claims in the TAC are about rule-breaking and the resulting

8    discipline. *Compare* Dkt. No. 59 at 11–26 (setting forth the purported causes of action), *with id.*

9    at 10 (providing background information). Although Plaintiff's second cause of action alleges a

10   violation of his First Amendment rights, the alleged "[a]dverse state action targeting protected

11   speech" is the suspension of Plaintiff's professional license—a disciplinary action that, as

12   discussed in the TAC, does not plausibly implicate the First Amendment. *Id.* ¶ 31; *see infra*

13   Section III.B.2.

14        Finally, as to the documents associated with Plaintiff's "Exhibit Index," the Court finds it

15   unnecessary to consider or take judicial notice of these. Notwithstanding its title, the "Exhibit

16   Index" is an unindexed hodgepodge of documents that runs to 362 pages and includes some 12

17   numbered exhibits, some of which are themselves composed of lettered sub-exhibits. *See*

18   *generally* Dkt. No. 20. The TAC does not directly reference any of these documents, and the

19   Court finds them superfluous to the matter at hand. Therefore, the Court declines to consider or

20   take judicial notice of these documents.

21   **B.    Plaintiff's Third Amended Complaint**

22        The TAC is both procedurally and substantively deficient, and the Court finds dismissal

23   appropriate on either basis. The Court will address these in turn.

24

ORDER ON MOTION TO DISMISS - 7

1          **1.      Rule 8 Deficiencies**

2          Defendants argue that the TAC "fails to satisfy Fed. R. Civ. P. 8(a)." Dkt. No. 60 at 8.

3 Specifically, Defendants assert that the TAC merely "recites elements of a claim without

4 outlining how those elements apply to the factual allegations. Plaintiff's [TAC] includes short

5 lists to describe the causes of action rather than the short and plain statements required by Rule

6 8." *Id.* The Court agrees that the TAC does not comport with Rule 8 and notes that its "short-

7 lists" format is not its only deficiency.

8          To begin with, the TAC is a "shotgun pleading." *See* Dkt. No. 59 ¶¶ 20, 30, 39, 45

9 ("incorporat[ing] all previous paragraphs by reference"). A "shotgun pleading" has several

10 definitions, one of which is a "complaint containing multiple counts where each count adopts the

11 allegations of all preceding counts, causing each successive count to carry all that came before

12 and the last count to be a combination of the entire complaint." *Dahlstrom v. Life Care Ctrs. of*

13 *Am., Inc.*, No. C21-1465, 2023 WL 4893491, at *9 (W.D. Wash. Aug. 1, 2023) (quoting *Weiland*

14 *v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015) (cleaned up)). While

15 the Court's comprehension of Plaintiff's claims here is undoubtedly bolstered by its familiarity

16 with Plaintiff's claims—this is, after all, Plaintiff's fourth effort to plead his case—"[t]his type of

17 pleading complicates the Court's efforts to understand which factual allegations support which

18 claims and against which Defendants." *Id.* And in any event, knowledge gleaned from Plaintiff's

19 three prior complaints is irrelevant: The TAC is the operative complaint in this case, and the

20 Court "treat[s]" those that preceded it as superseded and "non-existent." *Ramirez v. County of*

21 *San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

22          Further, a well-pleaded complaint must contain, among other things, "a short and plain

23 statement of the claim showing that the pleader is entitled for relief." Fed. R. Civ. P. 8(a)(2). "A

24 formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

1  Yet in pleading his causes of action, Plaintiff nearly exclusively relies on formulaic recitations of

2  the elements of the claims. Employing sentence fragments in an outline format, the TAC

3  includes alternating assertions of law and fact but lacks sufficient verbal connective tissue to

4  demonstrate how the former and latter combine to create genuine claims upon which he is

5  entitled to relief. All four of Plaintiff's causes of action suffer from this problem. Making matters

6  worse, it is a stretch to describe Plaintiff's recitation of his second, third, and fourth causes of

7  action as even consisting of "sentence fragments." These claims are pleaded in large part in two-

8  and three-word drips and drabs that simply do not coalesce into genuine claims. For example,

9  Paragraph 50 of the TAC reads, in its entirety:

10          50. Pretextual Public Use Invalid: a) Kelo v. City of New London,
           545 U.S. 469 (2005):
11                  a. Public use cannot mask improper purpose
                    b. Pretext analysis required
12                  c. Economic impact consideration

13

           b) Here, pretext shown by:
14
                    d. Targeting of protected speech
15                  e. Bypass of procedures
                    f. Disregard of scientific evidence
16                  g. Arbitrary enforcement.

17  Dkt. No. 59 ¶ 50. "Even in the case of pro se litigants, [district judges] cannot be expected to

18  construct full blown claims from sentence fragments." *Beaudett v. City of Hampton*, 775 F.2d

19  1274, 1278 (4th Cir. 1985). And this is not the first time that Plaintiff has attempted to use this

20  method of pleading. As the Court advised Plaintiff in a prior order, "Plaintiff's Reply consists

21  mostly of an outline of Plaintiff's arguments, not the actual arguments. The Court finds this

22  abbreviated style of briefing unpersuasive." Dkt. No. 50 at 3 (citation omitted). It remains

23  unpersuasive in the TAC. The Court finds that, irrespective of its substance, the TAC's structural

24  deficiencies provide sufficient grounds for its dismissal.

1    But the TAC is substantively inadequate, too.

2    **2.    Rule 12 Deficiencies**

3    Even if the TAC were viable under Rule 8, the Court nevertheless finds that dismissal is

4  appropriate under Rule 12(b)(6), because Plaintiff has failed to state a claim upon which relief

5  can be granted. The following analysis proceeds in three parts. First, the Court will discuss

6  Plaintiff's third cause of action, which must be dismissed as against all Defendants. Second, the

7  Court will discuss Defendant CQAC, which must be dismissed from all claims. Finally, the

8  Court will discuss the remaining three claims, as against the remaining two Defendants.

9    **a.    *Count III: Arbitrary and Discriminatory Enforcement***

10    Plaintiff's third cause of action fails against all Defendants because Plaintiff does not

11 adequately explain the claim. Plaintiff fails to cite either a statutory or constitutional basis for his

12 third cause of action. Indeed, Plaintiff labels the claim "Arbitrary and Discriminatory

13 Enforcement (against All Defendants for Prospective Relief)," then provides, in outline form,

14 brief line items that purport to assert a cause of action and establish a claim upon which relief

15 can be granted. Dkt. No. 59 ¶¶ 39–44. Unfortunately for Plaintiff, they do neither.

16    Whereas Plaintiff's first, second, and fourth causes of action are expressly and

17 respectively predicated upon the Fourteenth, First, and Fifth and Fourteenth Amendments, the

18 third cause of action appears to spring from nowhere. *Compare id.* ¶¶ 39–44, *with id.* ¶¶ 20–29,

19 *and id.* ¶¶ 30–38, *and id.* ¶¶ 45–53. Plaintiff cursorily mentions *Yick Wo v. Hopkins*, 118 U.S.

20 356 (1886), and asserts that "CQAC's actions mirror Yick Wo violations." Dkt. No. 59 ¶ 44. But

21 *Yick Wo* is neither a statute nor a constitutional provision; it is a United States Supreme Court

22 decision which, by itself, cannot provide the basis for a lawsuit. Private rights of action to

23 enforce federal law must be created by Congress. *See Alexander v. Sandoval*, 532 U.S. 275, 286

24 (2001); *see also Save Our Valley v. Sound Transit*, 335 F.3d 932, 939 (9th Cir. 2003) ("[O]nly

Congress can create rights enforceable through § 1983."). While a court decision may provide context and determine a party's rights based on a court's findings of fact and conclusions of law in a particular case, it does not confer upon a plaintiff a federal-question cause of action.

Therefore, because Plaintiff's third cause of action does not state a claim upon which relief can be granted, the claim is DISMISSED.

### b.    *Defendant CQAC*

Plaintiff's first, second, and fourth causes of action allege constitutional violations and are brought under 42 U.S.C. § 1983. *See* Dkt. No. 59 at 1 ("Complaint for Civil Rights Violation Under 42 U.S.C. § 1983"). These claims are inappropriate as against Defendant CQAC, and must be dismissed.

"State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). Consequently, Plaintiff "ha[s] no 'cause of action' against [CQAC] under § 1983." *Id.* Thus, all claims against Defendant CQAC are DISMISSED.

The Court notes that, in dismissing Plaintiff's claims against Defendant CQAC in a prior order, the Court advised Plaintiff that his Section 1983 claims against the Commission were improper. Dkt. No. 45 at 13. In that order, the Court dismissed these claims with prejudice. *Id.* In dismissing them again here, the Court has now twice advised Plaintiff that his Section 1983 claims cannot lie against Defendant CQAC. Moving forward, Plaintiff's persistence in pleading claims that expressly contravene Court orders may be grounds for sanctions. *See, e.g.*, *Lyons v. Pac. Cnty. Clerk & Adm'r*, No. C17-5335, 2017 WL 6502912, at *1 (W.D. Wash. Sept. 21, 2017); *Walker v. United States*, No. C10-1929, 2011 WL 564375, at *11 (W.D. Wash. Feb. 8, 2011).

ORDER ON MOTION TO DISMISS - 11

1

### c.    *Defendants Ferguson and Shah*

The remaining claims against the remaining Defendants are also deficient. "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which the plaintiff complains." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)) (emphasis in original) (cleaned up).

The entirety of the allegations against Defendants Ferguson and Shah are contained within two conclusory statements about each. As to Defendant Ferguson, Plaintiff alleges that Defendant Ferguson was responsible for ensuring that state agencies' enforcement actions comply with constitutional requirements but did not do so. *See* Dkt. No. 59 ¶¶ 7, 18. As to Defendant Shah, Plaintiff alleges that Defendant Shah had supervisory authority over Defendant CQAC but did not ensure that Plaintiff received due process when the Commission investigated and disciplined him. *Id.* ¶¶ 8, 17. Plaintiff, however, does not provide any facts in the TAC to support these barebones, conclusory statements.

Moreover, Defendants assert, "[Plaintiff] fails to cite a statute, case law, or other authority indicating that Defendants Shah and Ferguson had a duty to interfere with independent CQAC proceedings." Dkt. No. 60 at 11. The Court agrees. The TAC does not include any authority showing that the persons in the respective roles of attorney general and secretary of health had any affirmative obligation to perform the duties they are alleged to have shirked. Dkt. No. 59 ¶¶ 18, 19. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer*, 844 F.2d at 633. Plaintiff's allegations in the TAC lack such

1    focus. In short, the TAC does not include any individualized allegations as to what Defendants

2    Ferguson and Shah might have done—or should have done.

3            Therefore, because Plaintiff fails to allege individual liability against Defendants

4    Ferguson and Shah, all claims against these two Defendants are DISMISSED.

5    **C.      Dismissal Without Prejudice**

6            "[A] party is not entitled to an opportunity to amend his complaint if any potential

7    amendment would be futile." *Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir. 2012).

8    "Normally, when a viable case may be pled, a district court should freely grant leave to amend."

9    *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys, Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011). But

10   "the district court's discretion to deny leave to amend is particularly broad where plaintiff has

11   previously amended the complaint." *Id.* (cleaned up).

12           Defendants allege that, even on his fourth attempt to plead his case, "Plaintiff has not and

13   will be unable to connect [his causes of action to] facts to establish that he is entitled to relief."

14   Dkt. No. 60 at 14–15. The Court disagrees. In its Order granting Defendants' first motion to

15   dismiss (Dkt. No. 28), the Court took pains to explain the deficiencies in Plaintiff's SAC. *See*

16   *generally* Dkt. No. 45. The Court has repeated those efforts here with regard to the TAC.

17           In the Ninth Circuit, where a *pro se* plaintiff persists in filing complaint after complaint

18   after complaint that all suffer from the same deficiencies, courts will often dismiss claims

19   without prejudice twice before issuing a third dismissal with prejudice. *See, e.g., Jauregui v.*

20   *United States*, No. C23-1633, 2024 WL 4269103, at *5 (C.D. Cal. July 3, 2024), *report and*

21   *recommendation adopted sub nom. Jauregui v. Dep't of Homeland Sec.*, 2024 WL 4271566

22   (Sept. 23, 2024); *Fleming v. Cigna Health Corp.*, No. C17-4852, 2018 WL 3023377, at *3 (N.D.

23   Cal. June 18, 2018); *Dobson v. State of California*, No. C15-9648, 2016 WL 3008946, at *3

24   (C.D. Cal. May 25, 2016). Here, this Order represents the Court's second dismissal of Plaintiff's

claims, and its second analysis and explanation of the deficiencies in Plaintiff's pleadings. The Court will grant Plaintiff one final opportunity to amend his complaint. Should Plaintiff fail to file a viable pleading, his case will be dismissed with prejudice.

As discussed above, however, repleading Section 1983 claims against Defendant CQAC would be futile. Such a claim SHALL NOT be included in an amended complaint, should Plaintiff choose to file one.

### IV.    CONCLUSION

Accordingly, it is hereby ORDERED:

(1)    Defendants' Motion to Dismiss (Dkt. No. 60) is GRANTED.

(2)    Counts I, II, III, and IV, as against Defendant CQAC, are DISMISSED WITH PREJUDICE and WITHOUT LEAVE TO AMEND.

(3)    Counts I, II, III, and IV, as against Defendants Ferguson and Shah, are DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND.

(4)    Should Plaintiff opt to file a Fourth Amended Complaint, consistent with this Order, he SHALL file the amended complaint **by April 7, 2025**.

Dated this 6th day of March 2025.

Tana Lin
United States District Judge